IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHY WINSTON, M.D.,

        Plaintiff,

vs.                                               No. CIV 03-1221 JC/ACT

CONCENTRA HEALTH SERVICES, INC., and
OCCUPATIONAL HEALTH CENTERS OF
LOUISIANA,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment on Contract Claims, filed October 15, 2004 (*Doc. 41*). The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is, therefore, denied.

**I.**     **Background**

      The following facts are either undisputed or viewed in a light most favorable to Plaintiff as the party opposing summary judgment. *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995). Plaintiff, Dr. Winston, was hired as a physician by Defendant Occupational Health Centers of Louisiana ("OHC") on August 14, 2000 and her employment was terminated on February 7, 2003. On the date of hire, Plaintiff and OHC entered into a Physician Services Agreement ("Agreement") pertaining to the terms and conditions of Plaintiff's employment. Mem. Brief in

Support of Motion, Ex. A. The Agreement provided, in pertinent part, that Plaintiff's employment could be terminated with or without cause. *Id.* Plaintiff was terminated under the provision of the Agreement providing for termination for cause.

The primary reasons Defendants gave for Plaintiff's termination for cause originate with a Business Expense Report ("Report") Plaintiff submitted on September 13, 2002. Mem. Brief, Ex. D. That Report was a request for reimbursement for professional membership dues as well as conference fees, hotel expense, and airfare to a professional conference Plaintiff planned to attend on September 19, 2002 through September 21, 2002. *Id.* Plaintiff had not yet attended the conference at the time she submitted the Report. Due to an unforseen personal matter, Plaintiff never attended the conference. While Plaintiff informed her clinic administrator that she had not, in fact, attended the conference and did not expect reimbursement, she never submitted an amended expense report reflecting her lack of attendance. Plaintiff received no reimbursement funds related to the conference she did not attend.

On or about January 15, 2003, Plaintiff contacted Robin Hutchins by telephone. The parties dispute the content and purpose of that conversation, but viewing the facts favorably to Plaintiff, Plaintiff contacted Ms. Hutchins on that occasion to discuss a physician's assistant under Plaintiff's supervision whose professional competence Plaintiff questioned. Plaintiff asserts that she telephoned Ms. Hutchins to discuss the situation because Plaintiff had left several phone messages for her supervisor, Dr. Peake, which went unreturned. Plaintiff further contends that during that conversation with Ms. Hutchins, Plaintiff secondarily inquired about the status of her September 13, 2002 expense Report. Defendants contend, instead, that Plaintiff's inquiry into the status of the Report was the sole purpose of Plaintiff's phone call on that occasion.

2

At some point shortly thereafter, Plaintiff made contact with the State of New Mexico Board of Medical Examiners ("Board") regarding the concerns she had about the other employee. Upon learning that Plaintiff had contacted the Board, on January 20, 2003, Dr. Peake contacted Plaintiff and asked her if she had reported to the Board and why she had done so without allowing for an internal investigation first. Plaintiff contends that Dr. Peake expressed displeasure with Plaintiff having contacted the Board before an internal investigation was made and Dr. Peake has described himself as being "disturbed" about remarks Plaintiff allegedly made and "not happy" about her having gone to the Board. Peake Depo. at 32:24-25, 34:20-22. Subsequent to Plaintiff's contact with the Board, and the day after Plaintiff's conversation with Dr. Peake about her contact with the Board, Plaintiff was approached by employee Margaret Karler concerning Plaintiff's September 2002 expense Report. On that day, Ms. Karler presented Plaintiff with a second reimbursement request relating to the conference expenses and requested Plaintiff's signature thereon. Plaintiff declined to sign the second request form, indicating that it would be unethical for her to request the reimbursement monies related to the conference, for she had not attended. No concerns regarding the expense Report, which had been submitted nearly four months earlier, had been raised with Plaintiff prior to January 21, 2003.

When Plaintiff was terminated for cause on February 7, 2003, the primary reason given was fraud upon OHC and Concentra in the form of falsifying the September 2002 Report and in violation of Sections 5(a) iii, iv and ix of the Agreement. Plaintiff contends that she was actually terminated in retaliation for carrying out her legal duty to report the physician's assistant's behavior to the Board and that falsification of the Report was used as mere pretext to manufacture cause where it otherwise did not exist.

On August 6, 2003, Plaintiff filed a complaint in the Second Judicial District, State of New Mexico, County of Bernalillo, alleging Retaliatory Discharge in violation of New Mexico common law (Count I) and Breach of Contract (Count II) against Defendant Concentra Health Services, Inc. ("CHS").  On October 22, 2003, Defendant Concentra filed its Notice of Removal in this Court pursuant to 28 U.S.C. § 1446 asserting jurisdiction pursuant to 28 U.S.C. § 1332(a).  On February 2, 2004, Plaintiff filed an Amended Complaint adding Occupational Health Centers of Louisiana as a Defendant.  Defendants presently move the Court for summary judgment disposition in their favor on Plaintiff's breach of contract claim.  In their Motion, Defendants also challenge the availability of punitive damages associated with Plaintiff's breach of contract claim.

**II.** **Legal Standard**

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party.  *Id*.  The moving party has the initial burden of showing that there is no genuine issue of material fact.  *Id.* at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The party opposing the

4

motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  *Anderson,* 477 U.S. at 248, 256.  To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims.  *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995).  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  *Id.*  If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  *Matsushita*, 475 U.S. at 597.

### III.     Discussion

Defendants request summary judgment on Plaintiff's breach of contract claim.  In support of their Motion, Defendants assert that the Court "must first determine if the language of the Agreement is ambiguous," that "ambiguity in a contract is a question of law for the Court to decide," and that "it is the role of the courts to interpret and enforce a contract as written by the parties."  Mem. Brief at 4-5.  Defendants cite several cases in support of these basic, well-settled propositions.  However, while such declarations are accurate statements of the law generally, they are inapposite here, for there is no question of contract ambiguity presented by this case,  nor are the parties before the Court requesting construction of unclear terms in the Agreement as a matter of law.  Instead, the factual issue in dispute is whether the contract was breached by Defendants when they fired Plaintiff pursuant to the Agreement's "with cause" termination provision.  Specifically, the question for the Court on this Motion is whether Plaintiff has marshaled enough evidence from which a reasonable jury might find that Defendants manufactured cause where none properly existed under the well-defined and unambiguous terms of the "with cause" provision of the Agreement Defendants chose to invoke when terminating Plaintiff.  The Court finds Plaintiff has met her burden and, thus, a genuine issue of

material fact exists as to whether Defendants breached the Agreement and such questions of fact may be properly determined by a jury. The Court further determines that a reasonable jury could find bad faith conduct on the part of Defendants, entitling Plaintiff to punitive damages based on Defendants' alleged breach of contract. *See, e.g., Watson v. Blankenship*, 20 F.3d 383, 387 (10th Cir. 1994).

IV. **Conclusion**

In summary, the Court finds that a reasonable jury could find that Defendants breached the Agreement when choosing to terminate Plaintiff for cause insofar as a jury could determine that the cause given was not the true reason for the termination and that the true reason does not create grounds for termination with cause under the Agreement. The Court further finds that from the matrix of operative facts discussed above, a jury might find the requisite culpable state of mind to support an award of punitive damages.

Wherefore,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on Contract Claims, filed October 15, 2004 (*Doc. 41*) is denied.

Dated this 7th Day of January, 2005.

                                                   /s/ John Edwards Conway
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
    Timothy White, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

Counsel for Defendants:
    Terry Guebert, Esq.
    Ramona Bootes, Esq.
    Guebert, Bruckner & Bootes, P.C.
    Albuquerque, New Mexico