## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KATHY WINSTON, M.D.,

   Plaintiff,

vs.             No. CIV 03-1221 JC/ACT

CONCENTRA HEALTH SERVICES, INC., and
OCCUPATIONAL HEALTH CENTERS OF
LOUISIANA,

   Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendants' Motion for Judgment as a Matter of Law on the Constitutionality of Punitive Damage Award*, filed February 10, 2005 (*Doc. 81*). The Court, having considered the Motion, the parties' submissions, all relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is, therefore, DENIED.

**I.**  **Background**

This case came before the Court for a jury trial on January 12, 2005 through January 14, 2005. At the close of Plaintiff's case, Defendants moved for judgment as a matter of law on punitive damages and the Court initially granted the motion. Subsequently, Plaintiff moved the Court to reconsider that ruling and the Court took Plaintiff's motion under advisement. At the close of all evidence, Defendants again moved for judgment as a matter of law under Rule 50(a). The Court ultimately denied Defendant's Rule 50 motion and reconsidered its prior ruling, allowing the punitive

damages claim to be presented to the jury[1]. The jury returned a verdict in favor of Plaintiff and against Defendants on Plaintiff's claims, awarding $56,000 in compensatory damages and $610,000 in punitive damages, for a total damages award of $666,000. The Court entered Judgment on the verdict on January 27, 2005. Defendants presently move the Court for an order "vacating or modifying the award of punitive damages in favor of Plaintiff," or, alternatively, ask the Court "to grant Defendants' Motion for Judgment as a matter of law [sic], dismissing Plaintiff's claims for punitive damages, with prejudice." Mot. at 1. For the reasons discussed briefly below, the requested relief is denied.

## II. <u>Discussion</u>

### A. *Due Process*

Defendants challenge the punitive damages award in this case as violative of the Due Process Clause of the Fourteenth Amendment under *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003). Indeed, while punitive damages may be imposed to further New Mexico's legitimate interest in punishing unlawful conduct and deterring its repetition, the Due Process Clause prohibits awards that are grossly excessive or arbitrary when considered in relation to the state's legitimate interest under the three-guidepost test of *BMW of North America, Inc. vs. Gore*, 517 U.S. 559 (1996). Further, one must receive fair notice both that certain conduct will subject him to punishment, and the possible severity of the punishment that may be imposed. *Deters* vs. *Equifax Credit Information Services, Inc.*, 202 F.3d at 1272 (10th Cir. 2000).

<u>Procedural Due Process</u>

---

[1]The evidence from which a reasonable jury could find the requisite mental culpability to support an award of punitive damages on the retaliatory discharge claim was markedly stronger after Defendants presented their case.

Before reaching the more nebulous issue of substantive due process, the Court first determines that procedural due process was satisfied in this case. In *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), the United States Supreme Court established standards applicable to a determination of the fairness of an award from a procedural standpoint and clarified areas where proper procedures must be in place to safeguard against due process violations. Upholding the procedure followed by the trial court, the *Haslip* Court found that the jury instructions had properly (1) educated the jury regarding the nature and purpose of punitive damages; (2) identified for the jury that punitive damages are punishment for civil wrong-doing; and (3) communicated to the jury that imposition of punitive damages was not compulsory. *Id.*

In the instant case, Jury Instruction Number 8H reads as follows:

> If you find that Kathy Winston should recover compensatory damages, and if you further find that Defendants' conduct was malicious, reckless, wanton, oppressive, or fraudulent, then you may award punitive damages.
> Such additional damages are awarded for the limited purpose of punishment and to deter others from the commission of like offenses.
> The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the injury and to the damages given as compensation and not disproportionate to the circumstances.
> Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.
> Reckless conduct is the intentional doing of an act with utter indifference to the consequences.
> Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights.

Consequently, without extensive analysis, the Court finds that the *Haslip* standard for procedural due process was satisfied by the jury instructions given in this case. Additionally, procedural due process is furthered by the meaningful review of the post-trial motions currently being

undertaken by the Court, as also discussed in *Haslip*.

Substantive Due Process

Punitive damages "may properly be imposed to further a state's legitimate interest in punishing unlawful conduct and deterring its repetition." *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. at 1. In New Mexico, a punitive damages award will be upheld if substantial evidence supports the jury's findings. *Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 132 N.M. 401 (2002) (citing *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.,* 127 N.M. 1 (1999); *Econ. Rentals, Inc. v. Garcia*, 112 N.M. 748 (1991); *Green Tree Acceptance, Inc. v. Layton*, 108 N.M. 171, 174 (1989)).[2] In *BMW*, the Supreme Court held that courts assessing a punitive damages award's consistency with due process should consider three criteria: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. 517 U.S. at 574-75. Further, the states are given considerable flexibility in determining the level of punitive damages allowable in different types of cases and in any particular case. *BMW*, 517 U.S. at 568. "For that reason, the federal excessiveness inquiry appropriately begins with an identification of the state interests that a punitive award is designed to serve." *Id.*

---

[2]Defendants advise the Court that "when addressing a challenge to the constitutionality of a punitive damage award, the Court is to apply a *de novo* standard of review" under *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001). Reply at 4. This statement denotes a fundamental misapprehension of the law. A federal *appellate* court would review this Court's determination *de novo*, and in so doing, it would apply the same standard this Court applies now. Defendants are entitled to judgment as a matter of law only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.

The state's interest in protecting the public from possibly incompetent medical practitioners is manifest, given the New Mexico Medical Practice Act ("Act").  Such interest logically translates into an interest in protecting Dr. Winston's initial communication with the Board of Medical Examiners ("Board") about her concerns regarding a physician's assistant under Dr. Winston's supervision.  In fact, testimony at trial established that the Act compels Dr. Winston to report any possible patient mismanagement of which she becomes aware.  Thus, New Mexico has an important interest in punishing and deterring what the jury determined, from ample evidence, to be retaliatory discharge on the part of Defendants within days of Defendants discovering that Dr. Winston made contact with the Board.

 Having identified the state's interest in punishment and deterrence, the punitive damages award in this case represents 91.6% of the total award.  Thus, the punitive damages are 10.89 times greater than the compensatory damages, presenting a ratio of approximately 11 to 1.  While this ration is high, Plaintiff correctly identifies that the Tenth Circuit has upheld punitive damages awards in ratios larger than 11:1.  *See, e.g., Deters v. Equifax Credit Information Services, Inc.*, 202 F.3d 1262 (10th Cir 2000); *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001); *Hardeman v. City of Albuquerque*, 377 F.3d 1106 (10th Cir. 2004).

On the facts and evidence  presented in this case, the Court does not find the punitive damage award to be grossly excessive or arbitrary, given the serious nature of the allegations Defendants made in creating pretext (determined by the jury) for firing Dr. Winston.  The jury determined that Defendants committed the intentional tort of retaliatory discharge when Dr. Winston was abruptly terminated under allegations of falsifying an expense reimbursement report, which Defendants alleged constituted fraud.  Moreover, Dr. Winston testified at trial that upon firing her, Defendants

contemporaneously threatened her with pursuit of a criminal prosecution.  Notably, evidence was also presented at trial from which the jury may have legitimately concluded that the "Concentra Model" for its employees created the impression--at least insofar as the policy bore on the issues in this particular case--of extolling low referral rates and return of patients to work over quality assurance in patient management.

From this matrix of operative facts, the jury could properly have found the reprehensibility necessary to support the punitive damages award for the intentional tort of retaliatory discharge. Thus, the Court finds no infringement upon Defendants' procedural or substantive Due Process rights and declines to vacate the punitive damages award on constitutional grounds.

**B.**     ***Sufficiency of Evidence***

In support of the alternative relief requested, Defendants initially assert that "*after re-weighing the evidence*, the Court must conclude that the jury should have reached a different result" and grant judgment as a matter of law in their favor.  Mot. at 2 (citing *Hardeman v. City of Albuquerque*, 377 F.3d 1106 (10th Cir. 2004)) (emphasis added.).  This is a misstatement of the legal standard for renewed judgment as a matter of law.  Rule 50(b) states in pertinent part that:

> If for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion....[I]n ruling on a renewed motion, the court may...if a verdict was returned...allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law....

Fed.R.Civ.P.50(b).  The Tenth Circuit has held that a party is entitled to judgment as a matter of law only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.  *Snyder v. City of Moab*, 354 F.3d 1179, 1184 (10th Cir.

2003).  Again, stated differently, judgment as a matter of law is appropriate only if there is no legally sufficient evidentiary basis for a claim under the controlling law.  The Court will consider the evidence and any inferences drawn therefrom in favor of the non-moving party.  *Brown v. Gray*, 227 F.3d 1278, 1285 (10th Cir. 2000).  The Court finds ample evidence on the record to support its submission of Plaintiff's claim for punitive damages to the jury and the award will not be vacated.

**III.**   **Conclusion**

In summary, the Court finds Defendants' Motion, and the arguments raised therein as the Court comprehends them to be, unsupported by the law and the facts in this case.  Thus, the Motion is denied and the punitive damages award will stand.

WHEREFORE,

IT IS ORDERED that *Defendants' Motion for Judgment as a Matter of Law on the Constitutionality of Punitive Damage Award*, filed February 10, 2005 (*Doc. 81*) is DENIED in its entirety.

Dated May 31, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

      Timothy White, Esq.
      Madison, Harbour, Mroz & Brennan, P.A.
      Albuquerque, New Mexico

Counsel for Defendants:

      Terry Guebert, Esq.
      Ramona Bootes, Esq.
      Guebert, Bruckner & Bootes, P.C.
      Albuquerque, New Mexico

8