## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KATHY WINSTON, M.D.,

        Plaintiff,

vs.                                              No. CIV 03-1221 JC/ACT

CONCENTRA HEALTH SERVICES, INC., and
OCCUPATIONAL HEALTH CENTERS OF
LOUISIANA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's *Motion for Remittitur or, in the Alternative, New Trial*, filed February 10, 2005 (*Doc. 83*). The Court, having considered the Motion, the parties' submissions, and the relevant authority, finds the Motion not well-taken and it is, therefore, DENIED.

I.      **Background**

This case came before the Court for a jury trial on January 12, 2005 through January 14, 2005. At the close of Plaintiff's case, Defendants moved for judgment as a matter of law on punitive damages and the Court initially granted the motion. Subsequently, Plaintiff asked the Court to reconsider that ruling and the Court took Plaintiff's motion under advisement. At the close of all evidence, Defendants again moved for judgment as a matter of law under Rule 50(a). The Court ultimately denied Defendant's Rule 50 motion and reconsidered its prior ruling, allowing the punitive

damages claim, as well as all other claims, to be presented to the jury.  The jury returned a verdict in favor of Plaintiff and against Defendants on Plaintiff's claims, awarding $56,000 in compensatory damages and $610,000 in punitive damages, for a total damages award of $666,000.  The Court entered Judgment on the verdict on January 27, 2005.  Defendants presently move the Court for a remittitur or, alternatively, to grant a new trial.  For the reasons discussed briefly below, the Motion is denied.

## II.    Discussion

Defendants contend that the damages award in this case is "so excessive...as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial."  Mot. at 1 (citing *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1121 (10th Cir. 2004) (quoting *Telecor Communications, Inc. v. Southwestern Bell*, 305 F.3d)).  When arguing in favor of a remittitur, Defendants confuse the applicable standard.  A finding of passion and prejudice resulting in an excessive verdict cannot be cured by remittitur and would instead require a new trial, while a finding of excessiveness alone may be cured by remittitur. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1561 (10th Cir. 1991).  Thus, the Court will ignore Defendants' arguments pertaining to passion and prejudice when evaluating their request for remittitur and will consider those arguments only when reaching their request for new trial.

### A.    Remittitur

Defendants contend that the judgment is excessive, relying primarily on the number six hundred and sixty-six ("666") thousand for support.  However, the jury found liability on retaliatory discharge, an intentional tort, which allows for an award of punitive damages to punish the unlawful conduct and to deter similar conduct in the future.  Considering the totality of evidence presented at

trial, the Court finds no grounds upon which to find the verdict excessive.

        *B.*     *New Trial*

        To justify a new trial, "an award must be so excessive that it shocks the conscience and raises an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial." *Vining v. Enter. Fin. Group, Inc.,* 148 F.3d 1206, 1216 (10th Cir. 1998) (quotation omitted).  To support their position that such is the case here, Defendants again argue that the damages total of six hundred and sixty-six thousand dollars ("666") signifies passion and prejudice on the part of the jury in arriving at a dollar amount.  Indeed, Plaintiff testified that after she was fired under allegations of fraud and threats of criminal prosecution, she dictated her notes from her last patients and noticed that the last three digits on the final patient file were "666."  Plaintiff testified that she found it ironic in a very disturbing way and it caused her to break down in tears.  Defense counsel then cross-examined Plaintiff on the significance of the number "666," thereby expounding on the evil connotations commonly associated with the number.  Having elicited specific testimony pertaining to the historic, mythical significance of the number themselves, Defendants cannot now credibly challenge the verdict as an improper result of "highly charged testimony" about the number "666."

        The Court finds the damages award totaling $666,000 to be reasonably interpreted as the jury intending to punish Defendants' unlawful conduct and deter its repetition--the very purposes aimed to be served by punitive damage awards.  Under the circumstances, the amount of the judgement does not create irresistible inference that passion, prejudice, corruption, or other improper cause.  Though Defendants may be shocked by the size of the award, the Court, having heard all of the evidence, is not.

**III.**   **Conclusion**

In short, the Court finds Defendants' Motion unpersuasive.  Thus, the Court will neither disturb the jury verdict nor order a new trial.

Dated this 7th day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
    Timothy White, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

Counsel for Defendants:
    Terry Guebert, Esq.
    Ramona Bootes, Esq.
    Guebert, Bruckner & Bootes, P.C.
    Albuquerque, New Mexico